UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. LEE, *et al.*,

                  Plaintiffs,

        -against-

WARDEN CARTER, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN GUERRA, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN JOHN DOE, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN HORTON, N.T.C./D.O.C./V.C.B.C.,

                  Defendants.

21-CV-8629 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Michael J. Lee, who is currently detained at the Vernon C. Bain Center (VCBC) on Rikers Island, filed this *pro se* complaint asserting conditions-of-confinement claims and seeking money damages. The complaint includes the names of 25 other detainees housed in unit # 3-AA in VCBC.[1] All except three of the detainees signed the complaint, and all except five of the detainees submitted requests to proceed *in forma pauperis* (IFP), that is without prepayment of fees, and prisoner authorizations.

    For the reasons set forth below, the claims of all the VCBC detainees whose names appear in the complaint are severed under Fed. R. Civ. P. 21.

## DISCUSSION

    Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the

---

[1] Plaintiff Michael Lee indicates that, including himself, there are 27 people listed as Plaintiffs, but the Court's count reveals that the actual total is 26 people.

action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, 7 Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency.'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))).

While there are similarities among their claims, each Plaintiff has his own unique circumstances, including his own conviction status[2] and his personal complaints regarding the conditions of his detention. It is therefore not clear that their claims arise out of the same occurrences or that questions of law or fact in common to all of them will arise. *See* Fed. R. Civ. P. 20.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the Plaintiffs' claims in one action. As *pro se* litigants, each Plaintiff may appear only on his own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During this action, each Plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even

---

[2] If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

3

provide each other with copies of the motions and notices that they file with the Court. Further, this limited opportunity for communication can result in piecemeal submissions, delays, and missed deadlines. *See, e.g.*, *Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each Plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation. *See, e.g.*, *Lee v. Dep't of Corrs.*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y. Nov. 9, 2020) (severing claims of 50 detainees who alleged that officials at VCBC were failing to protect them from COVID).

The Court will therefore sever this action into individual cases. Michael J. Lee will proceed as the sole plaintiff in this action. The other 25 plaintiffs — Daeshawn McCray #2412100805; Kevin Terry #4412000303; Jason Young #2412001869; Tayquan Mosley #1412000323; Mitchell Thompson #3492001965; Genghis Khan #2412101804; Rashawn Kingsberry #3492000022; Hassan Bility #1412003090; Darren Boyd #5412100385; Alejandro Mejia #3491904058; Gustave Brown #2411902513; Frankie Corchado #2412000121; Luke Dinan #4412101406; William Stevenson #3412100191; Rashid Turner-Hawkins #2412000097; Tyrefe Kelly #1412101303; Kenneth Watts #3492100023; Chibueze Ejiaku #3491902389; Lasalle Goring #5412100443; William Daniels #4412000556; Marquis Tanner #2412002342;

Maurice Pye, Sr. #2412001589; Michael Blount #2412101155; Andre C. Jones, Sr. #1411806305; Termain Kirby #1412001914 — will each be assigned a new case number.

A copy of the complaint (ECF No. 1) and this order will be docketed in each new case. The corresponding IFP application and prisoner authorization will also be docketed in each new case.[3] The new cases will proceed independently from this point on, and Plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[4] Once the new cases are opened, the Court will direct the plaintiffs who have not already submitted signed IFP applications and prisoner authorizations to do so. Any individual who did not sign the complaint will also be required to submit a declaration of his intent to proceed as a plaintiff in his own case. In the cases where the Plaintiffs have signed the complaint and submitted signed IFP applications and prisoner authorizations, those complaints shall be reviewed for substantive sufficiency, and then, if proper, those cases will be reassigned to a district judge in accordance with the procedures of the Clerk's Office.

## CONCLUSION

The Court severs the claims of all plaintiffs under Fed. R. Civ. P. 21. Michael J. Lee will proceed as the sole plaintiff in this action.

The Clerk of Court is directed to open separate civil actions with new docket numbers for the following plaintiffs: Daeshawn McCray #2412100805; Kevin Terry #4412000303; Jason Young #2412001869; Tayquan Mosley #1412000323; Mitchell Thompson #3492001965;

---

[3] The Court has not received IFP applications and prisoner authorizations from the following plaintiffs: Hasan Bility #1412003090; Darren Boyd #5412100385; Chibueze Ejiaku #3491902389; Marquis Tanner #2412002342; and Maurice Pye, Sr. #2412001589.

[4] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

Genghis Khan #2412101804; Rashawn Kingsberry #3492000022; Hassan Bility #1412003090; Darren Boyd #5412100385; Alejandro Mejia #3491904058; Gustave Brown #2411902513; Frankie Corchado #2412000121; Luke Dinan #4412101406; William Stevenson #3412100191; Rashid Turner-Hawkins #2412000097; Tyrefe Kelly #1412101303; Kenneth Watts #3492100023; Chibueze Ejiaku #3491902389; Lasalle Goring #5412100443; William Daniels #4412000556; Marquis Tanner #2412002342; Maurice Pye, Sr. #2412001589; Michael Blount #2412101155; Andre C. Jones, Sr. #1411806305; Termain Kirby #1412001914. A copy of the complaint (ECF No. 1), this order, and the corresponding IFP application and prisoner authorization should be docketed in each new case.

   The Clerk of Court is directed to mail a copy of this order to each of the plaintiffs at the addresses listed on the docket and note service on the docket.

SO ORDERED.

Dated: November 1, 2021
    New York, New York

                    /s/ Laura Taylor Swain
                     LAURA TAYLOR SWAIN
                    Chief United States District Judge