UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUSTAVE BROWN,

                Plaintiff,

        v.

WARDEN CARTER, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN GUERRA, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN JOHN DOE, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN HORTON, N.T.C./D.O.C./V.C.B.C.,

                Defendants.

21-CV-8981 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Gustave Brown, a detainee at the Vernon C. Bain Center (VCBC) on Rikers Island, filed this *pro se* complaint alongside 25 other detainees asserting conditions-of-confinement claims and seeking money damages. On November 1, 2021, Judge Swain severed Plaintiff's claims from the multi-prisoner action before her. Dkt. 1. Plaintiff's individual action was then reassigned to this Court. *Id.*

    On March 7, 2022, Defendants filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. According to an affidavit of service filed by Defendants' counsel, the motion papers were served on Plaintiff by mail. Dkt. 15. On June 8, 2022, having not received any response from Plaintiff to Defendants' motion, the Court directed Plaintiff to file "either a response to Defendants' motion or a letter indicating that he does not intend to file a response." Dkt. 16. The Court further stated that if Plaintiff were to indicate that he does not intend to oppose Defendants' motion, it would deem the motion fully briefed and take it under consideration; if, however, Plaintiff were to not respond at all, then it could dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.* On July 28,

2022, it gave Plaintiff one more opportunity to respond by August 15, 2022, noting this time that it *would* dismiss the action for failure to prosecute should he fail to do so. Dkt. 17.

As of today's date, Plaintiff has still not responded to Defendants' motion to dismiss or or otherwise indicated that he intends to proceed with this action. Indeed, the Court has not heard from Plaintiff since the filing of his complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

The Court finds that the balance of the factors favors dismissal of this action. Plaintiff has not engaged with the case in any way since the filing of his complaint more than ten months ago. Moreover, he was put on notice multiple times that his case could be dismissed for failure to prosecute should he fail to respond to the Court's orders. Plaintiff has been given several opportunities to be heard, and without his participation, the Court lacks "the means to move this case forward efficiently," *Baptiste*, 768 F.3d at 219.

Accordingly, because the Court has not received any response from Plaintiff, including any indication that he plans to pursue this action, it is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:   August 16, 2022
         New York, New York

                                            Ronnie Abrams
                                            United States District Judge